**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAMON M. DEL CAMPO,

       Plaintiff,

v.                                                                               CV No. 20-639 CG

COMMUNITY OF HOPE, et al.,

       Defendants.

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND LEAVE TO FILE AMENDED COMPLAINT**

**THIS MATTER** is before the Court on *Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (the "Complaint"), (Doc. 1), filed June 29, 2020; Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* (the "Application"), (Doc. 2), filed June 29, 2020; and Plaintiff's *Motion to Amend the Original Complaint* (the "Motion to Amend"), (Doc. 4), filed July 1, 2020.

**I.    Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma*

*pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Here, Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $805.00; (ii) and Plaintiff's monthly expenses total $400.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because of his low monthly income. As such, the Court finds Plaintiff's Application is well-taken and shall be **GRANTED**.

## II.     The Complaint

Plaintiff names Nicole Martinez and Community of Hope as Defendants. *See* Complaint at 1. Plaintiff alleges:

> For at least 2 months, mainly the months of May and June, several young ladies whom also are involved in the cases filed simutanuosly; City of Las Cruces, State of New Mexico, United States Department of Justice, Dona Ana County Detention Center. Please view the cause number of *Ramon M. del Campo vs. City of Las Cruces Police Department*, in order to obtain the common factor of association.

[sic] Complaint at 7. Where the Complaint form instructs Plaintiff to "[b]riefly state the background of your case," Plaintiff wrote: "Please see *Ramon M. del Campo vs. City of Las Cruces Police Department* and attached forms." Complaint at 2.

The Court will not comb the record of this or other cases and act as an advocate for Plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se

litigant"). Instead, the Court is granting Plaintiff leave to file an amended complaint. Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see* Complaint at 3 (Complaint form instructs Plaintiff to "Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved").

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege a violation of a right secured by the Constitution or the laws of the United States or that Defendants were acting under color of state law. *See Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'")  (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").

The Complaint fails to state a claim upon which relief can be granted against Defendants Martinez and Community of Hope because there are no factual allegations regarding Defendants. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

### III.  Proceeding *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it would be futile to give Plaintiff an opportunity to amend. As such, the Court grants Plaintiff leave to file an amended complaint.

### IV.  Motion to Amend Original Complaint

Plaintiff seeks to add some factual statements to his original Complaint. Because the Court is granting Plaintiff leave to file an amended complaint, the Court denies Plaintiff's Motion to Amend the Original Complaint as moot.

### V.  Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).  The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to allege facts that support jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that

states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 2), filed June 29, 2020, is **GRANTED**;

(ii) Plaintiff may file an amended complaint within 14 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case;

(iii) Plaintiff's *Motion to Amend the Original Complaint*, (Doc. 4), filed July 1, 2020, is **DENIED as moot**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE