# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAMON M. DEL CAMPO,

    Plaintiff,

v.                                                    No. 2:20-cv-00639-RB-CG

COMMUNITY OF HOPE, and
NICOLE MARTINEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Mr. Del Campo is proceeding *pro se* against Community of Hope and its Executive Director Nicole Martinez. He alleges:

> For at least 2 months, mainly the months of May and June, several young ladies whom also are involved in the cases filed simutanuosly; City of Las Cruces, State of New Mexico, United States Department of Justice, Dona Ana County Detention Center. Please view the cause number of *Ramon M. del Campo vs. City of Las Cruces Police Department*, in order to obtain the common factor of association.1

(Doc. 1 (Compl.) at 7.) Where the Complaint form instructs Mr. Del Campo to "[b]riefly state the background of your case," he wrote: "Please see *Ramon M. del Campo vs. City of Las Cruces Police Department* and attached forms." (*Id.* at 2.)

    The Court notified Mr. Del Campo that it will not comb the record of this or other cases and act as an advocate for him, granted him leave to file an amended complaint, and informed him that his amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). (Doc. 9.) The Court also explained that the Complaint failed to state a claim pursuant to 42 U.S.C. § 1983,

---

1 The Court retains all spelling and grammatical errors as written in the Complaint.

because it does not allege a violation of a right secured by the Constitution or the laws of the United States or that Defendant was acting under color of state law. Finally, the Court notified Mr. Del Campo that failure to timely file an amended complaint may result in dismissal of this case. Mr. Del Campo did not file an amended complaint by the July 21, 2020, deadline. He did file a Motion to Amend the Original Complaint which contains additional factual allegations but does not allege a violation of a right secured by the Constitution or the laws of the United States or that Defendant was acting under color of state law. (*See* Doc. 14.)

One of the motions states that the "Social Security Administration has deemed [Plaintiff] as mentally impaired." (Doc. 5.) Rule 17(c)(2) of the Federal Rules of Civil Procedure states the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, "in the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [involving a determination of whether there is verifiable evidence of incompetence] would usually occur **after** the preliminary merits screening under . . . 28 U.S.C. 1915(e)(2). *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (emphasis added).

The Court dismisses this case without prejudice for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2), which states: "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." The Court granted Mr. Del Campo, who is proceeding *in forma pauperis*, an opportunity to file an amended complaint. (*See* Doc. 9 at 5.) (granting motion to proceed *in forma pauperis*). Mr. Del Campo did not file an amended complaint. Because it is dismissing this case pursuant to 28 U.S.C. 1915(e)(2) for failure to state a claim, the Court need not "inquir[e] as to whether there [is] a viable basis to invoke Rule 17." *Powell*, 680 F.3d at 307.

Finally, Mr. Del Campo has requested that the Clerk's Office provide him with copies of documents he was filing when he was filing them. The Court mails copies of all documents filed by parties proceeding *in forma pauperis* to those parties after the Court files the documents on the electronic docket. The Court will not provide extra copies without payment. *See Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("The statutory right to proceed in forma pauperis, Section 1915(a), Title 28 United States Code, does not include the right to obtain copies of court orders without payment therefor").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that the following pending motions are **DENIED as moot**, because this case has been dismissed:

(i) Plaintiff's Motion Seeking Counsel (Doc. 5), filed July 2, 2020.

(ii) Plaintiff's Motion Seeking Subpoenas (Doc. 6), filed July 2, 2020.

(iii) Plaintiff's Motion Seeking Waiver of Filing Fee (Doc. 7), filed July 2, 2020.

(iv) Plaintiff's Motion to Subpoena Surveillance Footage of Classica Closet (Doc. 10), filed July 7, 2020.

(v) Plaintiff's Motion to Submit Exhibit (Doc. 11), filed July 7, 2020.

(vi) Plaintiff's Motion Seeking Subpoena Testimony of Julia Cooper (Doc. 12), filed July 10, 2020.

(vii) Plaintiff's Motion for Order (Doc. 13), filed July 10, 2020.

(viii) Plaintiff's Motion to Amend the Original Complaint (Doc. 14), filed July 14, 2020.

(ix) Plaintiff's Motion Seeking Temporary Injunction upon Review of Mental Health Records and Factual Finding by the United States Social Security Administration (Doc. 15), filed July 14, 2020.

(x)     Plaintiff's Motion Seeking Subpoenas (Doc. 16), filed July 16, 2020.

(xi)    Plaintiff's Motion Seeking Temporary Injunction of the Proceeding (Doc. 17), filed July 20, 2020.

(xii)   Plaintiff's Motion Seeking Subpoena of Jennette Christensen Enter Exhibit A (Doc. 18), filed July 27, 2020.

(xiii)  Plaintiff's Motion for Recusal (Doc. 19), filed July 28, 2020.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE